IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANNE ELISABETH KENDZIOR,
    *Plaintiff*,

v.

ROBERT M. GATES, *et al.*
    *Defendants*.

Civil Action No. ELH-12-2184

**MEMORANDUM OPINION**

In this constitutional tort action, plaintiff Anne E. Kendzior filed suit against former Secretary of Defense Robert M. Gates; Secretary of the Navy Ray Mabus; and Jeffrey Fowler, former Superintendent of the United States Naval Academy ("Naval Academy" or "Academy"). Plaintiff seeks to hold defendants personally liable for fostering an atmosphere and culture at the Naval Academy that led to two sexual assaults of plaintiff committed by fellow students while plaintiff was a midshipman at the Academy; retaliation against plaintiff for reporting the incidents; and a subsequent failure by defendants to hold the perpetrators accountable, instead barring plaintiff from graduating from the Academy. *See* Complaint (ECF 1). Plaintiff's claims for deprivations of her constitutional rights by federal officials, as well as her request for monetary relief, are predicated on *Bivens v. Six Unkown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and its progeny. *Id.*

On August 22, 2012, defendants filed a "Motion to Stay Proceedings" pending the Fourth Circuit's resolution of *Cioca v. Rumsfeld*, No. 12-1065, a case in which current and former servicemembers sought to bring *Bivens* claims against high-ranking military officials. ECF 9. In *Cioca*, as here, the servicemembers alleged that they were victims of rape and sexual misconduct

by fellow servicemembers during their military careers, and they alleged that the acts and omissions of high-ranking military officials contributed to a military culture of tolerance for the sexual crimes perpetrated against them. *See Cioca v. Rumsfeld*, 720 F.3d 505, 506 (4th Cir. 2013). The threshold legal question in the *Cioca* appeal—whether a *Bivens* claim may be brought against military officials for injuries arising out of or incident to military service—is also a threshold question in this case.

Accordingly, on October 10, 2012, I granted defendants' motion for a stay. ECF 14. In my Order granting the stay, I explained, *id.*:

> In my view, a decision in *Cioca* will prove helpful to resolution of a central issue in this case: namely, whether a *Bivens* remedy is available to plaintiff under the facts alleged. The Supreme Court has cautioned that a *Bivens* remedy is not available in the presence of "special factors counseling hesitation," including where "the unique disciplinary structure of the military establishment" is involved. *Chappel v. Wallace*, 462 U.S. 296, 298 (1983). The appeal in *Cioca* will resolve whether a *Bivens* claim may be brought under the circumstances attendant here, and in particular whether "special factors counseling hesitation" are present when active duty military personnel allege constitutional torts, virtually identical to those alleged here.

The Fourth Circuit issued its decision in *Cioca* on July 23, 2013. *See Cioca*, 720 F.3d 505. There, the Court outlined the history of the *Bivens* right of action and concluded that "no *Bivens* action will lie where special factors counsel hesitation in creating an implied right of action." *Id.* at 512. In the Court's view, "special factors clearly counsel hesitation in implying a cause of action for injuries arising out of military service." *Id.* According to the Fourth Circuit, plaintiffs' alleged injuries were "incident to service" because they "stem from the relationship between the [plaintiffs] and the [plaintiffs'] service in the military." *Id.* at 515. Under those circumstances, allowing the suit to proceed "would call into question military discipline and decisionmaking [and would] require judicial inquiry into, and hence intrusion upon, military

matters." *Id.* (internal quotation marks and citations omitted). Therefore, the Fourth Circuit declined to recognize a *Bivens* remedy, instead holding that "judicial abstention is the proper course in this case." *Id.* at 518.

This Court subsequently issued a Scheduling Order on October 22, 2013 (ECF 22). In accordance with the Scheduling Order, defendants filed a Motion to Dismiss on December 6, 2013 ("Motion," ECF 23), and a supporting memorandum of law ("Memo," ECF 23-1), arguing that *Cioca* foreclosed plaintiff's claims. *See* Memo at 11–15. Plaintiff filed an Opposition ("Opp.," ECF 24), in which she acknowledged that "the Fourth Circuit rejected an appeal by other rape survivors who brought claims quite similar to those brought here." Opp. at 3. However, she maintains that the Fourth Circuit "reached the wrong result," *id.* at 5, and asks this Court to "consider *de novo* whether it should abstain or exercise jurisdiction over [her] claims." *Id.* at 1.

Defendants did not file a formal reply. Instead, by letter of January 7, 2014, they stated: "Defendants do not believe that a formal reply memorandum will be of assistance to the Court in resolving whether Plaintiff can maintain the constitutional claims she has advanced." ("Reply Letter," ECF 25). Further, defendants said, *id.*:

> Without belaboring the point . . . this Court . . . is obliged to follow the *Cioca* precedent unless and until it has been overruled by the Supreme Court or by an en banc decision of the Fourth Circuit. *See Chisolm v. TranSouth Financial Corp.*, 95 F.3d 331, 337 n.7 (4th Cir. 1996) (citing *Busby v. Crown Supply, Inc.*, 896 F.2d 833, 840-41 (4th Cir. 1990)); *Doe v. Charleston Area Med. Ctr., Inc.*, 529 F.2d 638, 642 (4th Cir. 1975).

I agree with defendants that the Fourth Circuit's decision in *Cioca* requires me to grant defendants' Motion to Dismiss. As I stated in my Order of October 10, 2012 (ECF 14), plaintiff's claims in this case are "virtually identical" to those advanced in *Cioca.* And, the

Fourth Circuit in *Cioca* rejected the claims. Moreover, plaintiff does not argue that any relevant distinction exists. Accordingly, I am bound by the Fourth Circuit's ruling that, in the circumstances presented here, a cause of action under *Bivens* is not available to plaintiff.

To be sure, plaintiff's allegations are troubling. And, I appreciate plaintiff's concern that, "[i]f every court abstains from hearing compelling and legitimate claims brought by Academy students harmed by the Executive Branch's malfeasance, there is no reason for the Executive Branch to fix the problems." Opp. at 1–2. However, the Fourth Circuit's decision in *Cioca*, by which I am bound, "reflects the judicial deference to Congress and the Executive Branch in matters of military oversight required by the Constitution and [] fidelity to the Supreme Court's consistent refusal to create new implied causes of action in this context." *Cioca*, 720 F.3d at 518.

## Conclusion

For the foregoing reasons, I will grant defendants' Motion to Dismiss. An Order follows.

Date: February 24, 2014                    /s/
                                           Ellen Lipton Hollander
                                           United States District Judge